McCulloch | Kleinman Law
Kevin P. McCulloch
kevin@mkiplaw.com
Nate A. Kleinman
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BOEHM,<br><br>*Plaintiff*,<br><br>v.<br><br>WAYFAIR LLC (d/b/a LATITUDE RUN),<br><br>*Defendant.* | Civil Case No.<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff Scott Boehm ("PLAINTIFF"), by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as for his Complaint for copyright infringement against DEFENDANT Wayfair LLC (d/b/a Latitude Run) ("Wayfair" or "DEFENDANT") hereby asserts and alleges as follows:

**JURISDICTION AND VENUE**

3. This is an action for copyright infringement brought by PLAINTIFF, the author and owner of the photographic work at issue ("Photograph"), against DEFENDANT for its unauthorized and infringing use of the Photograph.

4. Subject matter jurisdiction for PLAINITFF'S claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

5. Upon information and belief, this Court may exercise personal jurisdiction over DEFENDANT because it has sold and/or distributed infringing copies of PLAINTIFF'S Photograph to businesses and/or individuals residing in this District, and entered into contracts governed under New York law requiring that any disputes be brought in New York courts.

6. Upon information and belief, DEFENDANT also maintains offices and employs and retains or pays employees, executives, vendors, suppliers, and other agents and representatives in this District.

7. Upon information and belief, a reasonable opportunity for discovery will show that DEFENDANT conducts and maintains consistent and substantial business in this District and otherwise has availed itself regularly and consistently of the laws and opportunities of conducting business in New York State, and this District specifically, such that it has agreed to and can be subject to the jurisdiction of this Court.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because, upon information and belief, DEFENDANT conducts substantial business within the State of New York and infringed PLAINTIFF'S copyrights within the State of New York and this District as described herein, including but not limited to selling and distributing unauthorized copies of the Photograph to customers in New York State and this District.

## PARTIES

9. PLAINTIFF is a professional photographer who makes his living by taking and licensing sports-related photographs, including creating and licensing photographs of National Football League ("NFL") games, teams, and players.

10. PLAINTIFF creates and licenses his photographs "on speculation" or "on spec," meaning that he is not paid day rates or fees for creating photographs for the teams or leagues or a media outlet, but rather he owns all copyrights in his photographs and earns royalties through the licensing of his works through a licensing agency, currently the Associated Press ("AP").

11. DEFENDANT is a Delaware limited liability company that is registered to do business in New York and has a registered corporate agent located at 28 Liberty Street, New York, NY 10005.

12. DEFENDANT is a large online retailer and e-commerce company specializing in home goods such as furniture, décor, and other housewares.

13. DEFENDANT owns and operates the website located at https://www.wayfair.com/, through which it displays, offers for sale, and sells its products.

14. Upon information and belief, DEFENDANT also owns, operates, and does business under the brand name, "Latitude Run."

15. Upon information and belief, Latitude Run is a registered trademark owned by DEFENDANT.

## GENERAL ALLEGATIONS

16. Upon information and belief, DEFENDANT has offered for sale, displayed, sold, and distributed copies of PLAINTIFF'S photograph of Soldier Field Stadium (the "Photograph") in the form of a fine art reproduction printed on artist grade canvas.

17. Attached hereto as <u>EXHIBIT 1</u> is a true and correct copy of the Photograph created and owned by PLAINTIFF.

18. Attached hereto as <u>EXHIBIT 2</u> is a screen capture of PLAINTIFF's copyrighted Photograph as displayed on DEFENDANT'S website being offered under its Latitude Run brand of products.

19. Upon information and belief, DEFENDANT never sought nor obtained permission to create, sell, or distribute copies of PLAINTIFF'S Photograph from PLAINTIFF or any past/current licensing agency.

20. On August 29, 2025, PLAINTIFF'S counsel sent a letter to DEFENDANT'S Legal Operations department notifying it of PLAINTIFF'S claim and attaching the screen capture of PLAINTIFF'S Photograph being offered for sale on DEFENDANT'S website.

21. On or about September 3, PLAINTIFF'S counsel submitted an Intellectual Property Claim Form through Wayfair's online portal Wayfair Assist which also notified Wayfair of PLAINTIFF'S claim and attached PLAINTIFF'S August 29, 2025 letter to the form.

22. On September 12, 2025, a representative for DEFENDANT responded to PLAINTIFF's notice and stated that they had "reached out to the allegedly infringing supplier" but had not received a response and that the "infringing image has been taken down from the product[.]"

23. PLAINTIFF'S counsel responded on the same day requesting clarification, as the listed supplier of the product is Latitude Run, which is merely a trade name owned by DEFENDANT.

24. After that correspondence, DEFENDANT has not cooperated with PLAINTIFF or made any effort to resolve the violations of PLAINTIFF'S rights alleged herein.

4

## COUNT I
## COPYRIGHT INFRINGEMENT
### (Direct and/or Vicarious)

25. PLAINTIFF repeats and re-alleges each of the above allegations as if set forth fully herein.

26. PLAINTIFF is the author and exclusive copyright owner of the Photograph.

27. PLAINTIFF'S Photograph has been registered with the U.S. Copyright Office, under the registration number VAu 1-086-0210.

28. DEFENDANT did not have a license, authorization, or permission to copy, publish, display, sell, or create derivative works using copies of PLAINTIFF'S Photograph.

29. Despite having never obtained a license or permission to use PLAINTIFF'S Photograph for any purpose, DEFENDANT copied, published, displayed, distributed, offered for sale, and/or sold a product that featured PLAINTIFF'S Photograph.

30. Upon information and belief, DEFENDANT profited from the infringing and unauthorized sale of PLAINTIFF'S Photograph on and through its website.

31. Upon information and belief, DEFENDANT'S actions alleged herein were willful, knowing, intentional, and/or reckless.

32. Upon information and belief, DEFENDANT knew that the copying, display, and sale of the product at issue was unauthorized, including because the product did not include any official logos, holograms, or other indicia of league approval that always are incorporated into officially licensed products.

33. Upon information and belief, DEFENDANT is a highly sophisticated, international e-commerce company that regularly deals with third-party intellectual property rights and licensing agreements and thus is highly experienced in these matters.

34. Upon information and belief, despite knowing that the product at issue was not officially licensed or authorized for sale, DEFENDANT offered for sale, sold, and distributed the product to customers and earned profits therefrom.

35. To the extent that DEFENDANT'S employees did not directly copy, upload, or distribute PLAINTIFF'S Photograph to its website, but instead acted through its Latitude Run brand name and line of products, DEFENDANT is nevertheless liable pursuant to the secondary/vicarious liability doctrine.

36. Upon information and belief, DEFENDANT has the right and legal authority to control the products that are offered through its Latitude Run product line, as a wholly owned brand.

37. Upon information and belief, DEFENDANT directly benefitted from the infringement of PLAINTIFF'S copyrighted work, including through increased revenues from the sale of such products and increased traffic to its website.

38. The full scope of DEFENDANT'S infringement is not yet known to PLAINTIFF, as its representative either refused or was unable to provide further information when contacted by PLAINTIFF'S counsel prior to suit.

39. PLAINTIFF seeks to recover all damages available under Section 504 of the Copyright Act related to the unauthorized and infringing uses of his copyrighted work as alleged herein, in an amount to be determined at trial.

\* \* \*

**WHEREFORE,** PLAINTIFF respectfully prays for judgment on his behalf and for the following relief:

1. A jury trial on all issues so triable;

2. A permanent injunction against DEFENDANT from copying, displaying, distributing, advertising, promoting, and/or selling any product that includes unauthorized copies of PLAINTIFF'S Photograph, and requiring DEFENDANT to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of unauthorized photographs owned by DEFENDANT and all copies of the infringing materials described in this complaint that are in the control or possession or custody of DEFENDANT;

3. All allowable damages under the Copyright Act, including statutory damages and/or actual damages and profits attributable to DEFENDANT'S infringement of PLAINTIFF'S copyrighted works, as may be elected at any time prior to entry of judgment.

4. PLAINTIFF'S taxable costs and reasonable attorneys' fees incurred in pursuing and litigating this matter, to the extent available under applicable law;

5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated: December 15, 2025

By: _____
Kevin McCulloch
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com

*Attorneys for Plaintiff*